**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4450**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

FRANKLIN DELANO FRANCIS,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.   (3:08-cr-01262-CMC-1)

Submitted:  December 2, 2009        Decided:  January 4, 2010

Before KING and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Katherine E. Evatt, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant.  W. Walter Wilkins, United States
Attorney, Anne Hunter Young, Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Franklin Delano Francis pled guilty to illegal reentry, 8 U.S.C. § 1326(a), (b)(2) (2006), and was sentenced to a term of forty-one months imprisonment. Francis appeals his sentence, contending that the district court erroneously ruled that it could not consider fast-track disparity as a reason to vary below the advisory guideline range, and that his within-guideline sentence was unreasonable as a result. We affirm.

A sentence is reviewed for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. After determining whether the district court properly calculated the defendant's advisory guideline range, we consider whether the district court considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Id.; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that, while the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case . . . and [be] adequate to permit meaningful appellate review"). Finally, we review the substantive reasonableness of the sentence, "taking into account the totality of the

2

circumstances[.]" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

Francis contends that the district court failed to consider fast-track disparity as a reason to impose a below-guidelines sentence, which rendered his sentence unreasonable. However, the record clearly demonstrates that the district court considered a variance based on fast-track disparity and decided that it would not be justified in his case. The court appropriately treated the guidelines as advisory, considered the guidelines range and the factors in § 3553(a), then explained why a sentence below the guidelines range was not warranted. Thus, the district court committed no procedural errors.

With respect to the substantive reasonableness of Francis' sentence, we presume that a sentence imposed within the properly calculated guidelines range is reasonable. Rita v. United States, 551 U.S. 338, 347 (2007) (upholding presumption of reasonableness for within-guidelines sentence). Francis contends that the district court should have imposed a below-guideline sentence, relying on the First Circuit's decision to affirm, in United States v. Rodriguez, 527 F.3d 221 (1st Cir. 2008), a downward variance sentence intended to compensate for the lack of a fast-track program in that district. The district court considered Rodriguez, but decided against a variance and explained its reasoning. Applying the presumption of

3

reasonableness to Francis' within-guidelines sentence, which Francis has failed to rebut on appeal, we conclude that the district court did not abuse its discretion in sentencing him to a forty-one-month sentence and that the sentence is reasonable.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED